# Exhibit 17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| **LORD & TAYLOR, LLC,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 13-cv-1912-RWT |
| | * | |
| **WHITE FLINT, L.P.,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MEMORANDUM OPINION AND ORDER

After a hearing held on December 20, 2013, this Court granted a motion by White Flint, L.P. ("White Flint") to dismiss Count II of Lord & Taylor, LLC's Complaint requesting injunctive relief. ECF No. 54. On December 24, 2013, Lord & Taylor, LLC ("Lord & Taylor") filed a Notice of Interlocutory Appeal of the Court's decision to dismiss Count II of the Complaint. ECF No. 55. On December 31, 2013, Lord & Taylor filed a Motion to Stay or to Maintain the Status Quo in the Litigation Pending the Interlocutory Appeal. ECF No. 58. On January 17, 2013, White Flint filed a Response in Opposition to the Motion (ECF No. 61) and on January 31, 2014, Lord & Taylor filed a reply. ECF No. 63.

A party seeking a stay in litigation "must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). Lord & Taylor does not meet this standard and its motion will therefore be denied.

The arguments made by Lord & Taylor in its motion recite the same points that the Court already addressed and decided at the hearing. The Court declines to reconsider its ruling at this

time. The request that the Court issue an order to "maintain the status quo" in essence asks for the injunctive relief this Court has already denied.

While Maryland law clearly favors the intent of contracting parties, injunctive relief is an extraordinary remedy. *See, e.g.*, *Hughes Network Systems, Inc. v. Interdigital Comm. Corp.*, 17 F.3d 691 (4th Cir. 1994); *Anne Arundel County, Md. et al. v. White Hall Venture et al.*, 384 A.2d 780 (Md. Ct. Spec. App. 1978). Assuming that White Flint has breached the contract, Lord & Taylor can be adequately compensated by monetary damages as there is readily available historical sales data to calculate any lost profits. Lord & Taylor is a sophisticated party and any loss caused by this assumed breach is subject to reasonable calculation.

In addition, the Court was and remains concerned about the length of time it took Lord & Taylor to assert its rights. When there is this degree of delay, the extraordinary remedy of injunctive relief is granted only with great care and caution. The Court has already declined to grant such relief. The project is well into the advanced stages, such that it is no longer a practical option to maintain the mall in its current state. Lord & Taylor continues to assert that "all the Court must do is state that the Shopping Center Site cannot be altered in violation of [the contract] and enjoin White Flint from constructing its mixed use development" and that they are not asking for "rebuilding or bringing tenants back to the mall." Motion for Stay, ECF No. 58, pp. 24-25. This argument ignores the reality that the mall is almost completely vacant and partially demolished. Lord & Taylor simply waited too long to attempt to preserve a status quo that no longer exists and thus, injunctive relief is clearly no longer a feasible or realistic remedy.

Accordingly, it is, this 7th day of February, 2014, by the United States District Court for the

District of Maryland,

ORDERED that the Motion to Stay or Maintain the Status Quo in the Litigation Pending

the Interlocutory Appeal [ECF No. 58] is **DENIED**.


/s/
_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
